IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO MARROQUIN, H-62380,    )
                      )
        Plaintiff(s),       )   No. C 11-0633 CRB (PR)
                      )
   vs.                  )   ORDER OF DISMISSAL WITH
                      )   LEAVE TO AMEND
S. ESPARZA, et al.,       )
                      )
        Defendant(s).     )
                      )

      Plaintiff, a prisoner at Pleasant Valley State Prison (PVSP), has filed a pro

se civil rights complaint under 42 U.S.C. § 1983 alleging that, while he was at the

Correctional Training Facility (CTF), he complained to correctional staff about

being sexually harassed by two inmates.  But the harassment increased rather

than decreased, which ultimately resulted in his getting in an altercation with one

of the  inmates and his receiving a disciplinary finding of battery on another

inmate without serious injury.  Plaintiff seeks removal of the disciplinary finding

and damages for the correctional staff's handling of his complaint.

**DISCUSSION**

A.    Standard of Review

      Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

1   granted," or "seeks monetary relief from a defendant who is immune from such

2   relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

3   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4   　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

5   elements:  (1) that a right secured by the Constitution or laws of the United States

6   was violated, and (2) that the alleged violation was committed by a person acting

7   under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

8   B.　　　Legal Claims

9   　　　　A prison official violates the Eighth Amendment when two requirements

10   are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and

11   (2) the prison official possesses a sufficiently culpable state of mind.  Farmer v.

12   Brennan, 511 U.S. 825, 834 (1994).  In prison-conditions cases such as here, the

13   necessary state of mind is one of deliberate indifference.  See id. (inmate safety);

14   Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  A prison official is

15   deliberately indifferent if he knows that a prisoner faces a substantial risk of

16   serious harm and disregards that risk by failing to take reasonable steps to abate

17   it.  Farmer, 511 U.S. at 837.  Neither negligence nor gross negligence can

18   establish liability under the Eighth Amendment. Id. at 835-36 & n.4.  An

19   "official's failure to alleviate a significant risk that he should have perceived but

20   did not . . . cannot under our cases be condemned as the infliction of

21   punishment." Id. at 838.

22   　　　　Plaintiff's allegations that CTF's correctional staff mishandled his

23   complaint of sexual harassment will be dismissed with leave to amend to set forth

24   specific facts showing that one or more defendants were deliberately indifferent

25   to plaintiff's health or safety, if possible.  Plaintiff must also link each named

26   defendant with his allegations of wrongdoing so as to show how each defendant

27

28   　　　　　　　　　　　　　　　　　　2

1   actually and proximately caused the deprivation of his federal rights of which he

2   complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3          Similarly, plaintiff's request for removal of the disciplinary finding of

4   battery on another inmate without serious injury is dismissed with leave to amend

5   to set forth specific facts showing that the disciplinary finding is not supported by

6   some evidence in the record, if possible.  See Burnsworth v. Gunderson, 179 F.3d

7   771, 773-74 (9th Cir. 1999) (disciplinary finding violates inmate's right to

8   procedural due process if supported by "no evidence").

9                                        **CONCLUSION**

10         For the foregoing reasons, the complaint is dismissed with leave to amend,

11   as indicated above, within 30 days of this order.  The pleading must be simple

12   and concise and must include the caption and civil case number used in this order

13   and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

14   file a proper amended complaint within the designated time will result in the

15   dismissal of this action.

16         Plaintiff is advised that the amended complaint will supersede the original

17   complaint and all other pleadings.  Claims and defendants not included in the

18   amended complaint will not be considered by the court.  See King v. Atiyeh, 814

19   F.2d 565, 567 (9th Cir. 1987).

20   SO ORDERED.

21   DATED:   July 18, 2011   _____

22                                        CHARLES R. BREYER
                                         United States District Judge

23

24

25

26

27   G:\PRO-SE\CRB\CR.11\Marroquin, M.11-0633.dwlta.wpd

28                                             3