IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCO MARROQUIN, H-62380, | ) | |
| Plaintiff(s), | ) | No. C 11-0633 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| S. ESPARZA, et al., | ) | |
| Defendant(s). | ) | |

      Plaintiff, a prisoner at Pleasant Valley State Prison (PVSP), has filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 alleging that, while he was at the Correctional Training Facility (CTF), he complained to correctional staff about being sexually harassed by inmate Morales. But correctional staff did little to stop it and the harassment, now with the help of inmate Santos, increased rather than decreased, and ultimately resulted in plaintiff getting in an altercation with Santos and plaintiff receiving disciplinary findings of battery on another inmate with regards to both Santos and Morales.

      Plaintiff seeks removal of the disciplinary findings on the grounds that he was denied a translator and that the evidence presented is false. He also seeks damages for the correctional staff's handling of his sexual harassment complaint.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison-conditions cases such as here, the necessary state of mind is one of deliberate indifference. See id. (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

/

1    Liberally construed, plaintiff's allegations that he complained to Sergeant
2 S. Esparza and Lieutenant A. Kester about being sexually harassed by Morales
3 (including being sexually assaulted by Morales), and that Sergeant D. Newcomb
4 also knew about the complaint, and yet none of them did much to stop the
5 continuing sexual harassment, state a cognizable § 1983 claim for damages for
6 deliberate indifference to health and safety against Esparza, Kester and
7 Newcomb, and will be ordered served on these three defendants.  See id.
8    And liberally construed, plaintiff's allegations that he was denied a
9 translator at the hearing on the disciplinary charges that he battered Santos and
10 Morales, and that the evidence presented at the hearing is false, state a cognizable
11 § 1983 claim for injunctive relief for denial of procedural due process and will be
12 ordered served on the hearing officer, Lieutenant Kester.  See Burnsworth v.
13 Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (disciplinary finding violates
14 inmate's right to procedural due process if not supported by some evidence).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.    The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC in this matter, all attachments thereto, and copies of this order on the following defendants at CTF: Sergeant S. Esparza, Lieutenant A. Kester and Sergeant D. Newcomb.  All other named defendants are dismissed.  The clerk also shall serve a copy of this order on plaintiff.

2.    In order to expedite the resolution of this case, the court orders as follows:

a.    No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion.

A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>,

1    154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

2           Plaintiff is also advised that a motion to dismiss for failure to exhaust
3    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
4    case, albeit without prejudice.  You must "develop a record" and present it in
5    your opposition in order to dispute any "factual record" presented by the
6    defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
7    n.14 (9th Cir. 2003).

8           d.    Defendants must serve and file a reply to an opposition not
9    more than 14 days after the opposition is served and filed.

10          e.    The motion shall be deemed submitted as of the date the
11   reply is due.  No hearing will be held on the motion unless the court so orders at a
12   later date.

13       3.   Discovery may be taken in accordance with the Federal Rules of
14   Civil Procedure.  No further court order is required before the parties may
15   conduct discovery.

16       4.   All communications by plaintiff with the court must be served on
17   defendants, or defendants' counsel once counsel has been designated, by mailing
18   a true copy of the document to defendants or defendants' counsel.

19       5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must
20   keep the court and all parties informed of any change of address and must comply
21   with the court's orders in a timely fashion.  Failure to do so may result in the
22   dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

23   SO ORDERED.

24   DATED:   June 1, 2012

        CHARLES R. BREYER
25      United States District Judge

26
        G:\PRO-SE\CRB\CR.11\Marroquin, M.11-0633.serve.wpd
27

28                                              5